UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**United States of America,**

        Plaintiff,

    v.

**Derrick Steele,**

        Defendant.

**DECISION and ORDER**

23-cr-6109-FPG-MJP-3

---

### APPEARANCES

| | |
|---|---|
| For the United States: | **Douglas E. Gregory, Esq.**<br>AUSA<br>100 State St<br>Rochester, NY 14614 |
| For Defendant: | **Jeremiah R. Newhall, Esq.**<br>1630 Empire Blvd, Ste 3<br>Webster, NY 14580 |

### INTRODUCTION

**Pedersen, M.J.** Defendant Derrick Steele moves for an order directing the government to provide a bill of particulars pursuant to Fed. R. Crim. P. 7(f). For the following reasons, I **GRANT IN PART and DENY IN PART** his motion.

### BACKGROUND

The government's complaint, (ECF No. 1), charges Steele with offenses related to

- marijuana distribution,

1

- maintaining locations for the purpose of manufacturing, storing, and distributing marijuana,
- aiding and abetting co-conspirators' crimes,
- possessing a firearm in furtherance of drug-dealing,
- and possessing a firearm as a felon.

The Grand Jury indicted Steele. (ECF No. 86.) Counts One through Five and Count Eight of that Indictment are against Steele. (*Id.*)

Steele later requested a detention hearing. (Minute Entry, ECF No. 176.) While I noted on the record the exceptional advocacy by Steele's new attorney, I ultimately detained Steele. (Order of Detention, ECF No. 181.) So, the next step was for Steele to file pretrial motions.

Steele moved for a bill of particulars within his omnibus motion. (ECF No. 186.) While he makes numerous requests, (*id.* ¶¶ 8 (a)–(d), (f)–(i) & (k)), Steele's focus is on a list of names of unindicted co-conspirators. (Reply ¶ 2, ECF No. 194.)

Steele argues that he needs such a list for several reasons. First, discovery has not disclosed the number of co-conspirators who were involved in the alleged Washington drug conspiracy. Steele needs a bill of particulars that includes a list of unindicted co-conspirators to know what (and whom) to investigate in preparing his defense. Second, Steele maintains that he lacks adequate details about what the government is alleging that he did in furtherance of the conspiracy. Finally, Steele

2

notes that he only seeks the names of alleged co-conspirators, not information about whether they will be witnesses at trial.[1]

The government provided responses to some of Steele's proposed bill of particulars in its opposition. (ECF No. 193.) But the government also opposed the bulk of Steele's motion, arguing that Steele is merely seeking backdoor discovery and a preview of the government's case at trial. (*Id.* at 1–3.)

## MAGISTRATE JUDGE JURISDICTION

Before turning to the merits of Steele's motion for a bill of particulars, some brush-clearing is needed. *First*, this District has consistently held that motions for bills of particulars are non-dispositive. *See, e.g., United States v. Nagi*, 254 F. Supp. 3d 548, 556 (W.D.N.Y. 2017) ("The Court reviews [Magistrate] Judge Scott's order granting a bill of particulars to determine whether the order is 'clearly erroneous or contrary to law.'" (alteration added) (quoting 28 U.S.C. § 636(b)(1)(A)); *United States v. Gibson*, No. 13-CR-6156, 2018 WL 903514, at *2 (W.D.N.Y. Feb. 15, 2018) (reviewing magistrate judge's denial of bill of particulars motion under clearly erroneous standard); *United States v. Justiniano*, No. 07-CR-6024L, 2008 WL 2222001, at *1 (W.D.N.Y. May 29, 2008) (same), *aff'd,* 401 F. App'x 595 (2d Cir. 2010). This reflects Fed. R. Crim. P. 59(a),

---

[1] Critically, Steele also acknowledged his assent to the government producing such a list of names for attorneys' eyes only to protect unindicted co-conspirators.

which states that the "district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense." Thus, I have issued a decision and order.

## RULE 7(f) AND THIS DISTRICT'S APPROACH TO BILLS OF PARTICULARS

There is a second bit (pile, really) of brush to clear. I am troubled that this District's practices for omnibus motions may tread on the time limitation present in Fed. R. Crim. P. 7(f).[2] *See, e.g., United States v. Murphy*, No. 120CR00049RJAMJR, 2022 WL 19003378, at *6 (W.D.N.Y. Sept. 23, 2022) (rejecting the government's argument that the motion was untimely because "[i]t is the intention and practice of this Court that any motion for a bill of particulars shall be made in accordance with the deadline set for all other pretrial motions"), *report and recommendation adopted,* No. 20-CR-49, 2023 WL 1960213 (W.D.N.Y. Feb. 13, 2023). To be sure, this practice is efficient and sensible. But it likewise modifies *de facto* the requirement of Rule 7(f) because in *every* criminal case this District authorizes the late filing of a motion for a bill of particulars. My template scheduling order (used in this case) sets a single deadline for "both dispositive and non-dispositive" pretrial motions. (3d

---

[2] The time limitation is set as follows: "The defendant may move for a bill of particulars *before or within 14 days after arraignment* or at a later time if the court permits." Fed. R. Crim. P. 7(f) (2009) (emphasis added).

4

Am. Scheduling Order ¶ 2, ECF No. 178.) This reflects Loc. R. Crim. P. 12(a), which requires me to "issue an order providing" a date by which the parties must file motions. Loc. R. Crim. P. 12(a)(2).

This appears contrary to Rule 7(f) because this District's practice reads out the 14-day timing requirement for bills of particulars. *See, e.g., Lowe v. SEC*, 472 U.S. 181, 207 n.53 ("[W]e must give effect to every word that Congress used in the statute."); *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) ("In construing a statute we are obliged to give effect, if possible, to every word Congress used."). Relatedly, federal criminal and civil rules that permit the court to allot more time for filing a motion anticipate an exercise of discretion by the court—not a rote practice. *See, e.g., United States v. Kozel*, No. 19-CR-460 (KMW), 2020 WL 4751498, at *3 (S.D.N.Y. Aug. 17, 2020) (denying motion for a bill of particulars because defendant "offer[ed] no explanation" for late motion (alteration added)). Think of the good cause and diligence requirements of Fed. R. Civ. P. 16(b)(4) or the "good cause" requirement of Fed. R. Crim. P. 12(b)(3). Although Rule 7(f) "permit[s]" late motions for a bill of particulars, the court's ability to "permit" as much may not reasonably be read as permission to do so in every case. Fed. R. Crim. P. 7(f) (alteration added).

It is not within this District's purview to change the federal rules of criminal procedure. The Supreme Court has told us so. *See Bank of*

5

*Nova Scotia v. United States*, 487 U.S. 250, 254 (1988) ("We now hold that a federal court may not invoke supervisory power to circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a)."); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 66 (1991) (Rehnquist, J., dissenting) ("Like the Federal Rules of Criminal Procedure, the Federal Rules of Civil Procedure are 'as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard the Rule[s'] mandate than they do to disregard constitutional or statutory provisions.'" (alteration added) (quoting *Bank of Nova Scotia*, 487 U.S. at 255)).

Here, because the government asks me to consider Steele's motion for a bill of particulars on its merits, and based on the language of my scheduling order, I save for another day my concerns about Rule 7(f)'s time limitation. But for the benefit of criminal practice in general, I am troubled that this practice may run afoul of (at least) Rule 7(f).

## DISCUSSION

When the government writes an indictment in general terms that the Grand Jury approves, a defendant may move under Fed. R. Crim. P. 7(f) for "a bill of particulars … setting forth the specific allegations of the offense charged." *United States v. Wozniak*, 126 F.3d 105, 110 (2d Cir. 1997). Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time

>if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). And so, "Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." *Id.* (citation omitted). "It is the defendant's burden to show that a bill of particulars is necessary." *Nagi*, 254 F. Supp. 3d at 562 (citing *United States v. Ferguson*, 478 F. Supp. 2d 220, 226 (D. Conn. 2007)).

***Conspiracy cases present additional considerations when evaluating a defendant's motion for a bill of particulars.***

For conspiracies, the Second Circuit has held that where "the indictment provided not a shred of detail, the defendant was entitled to be otherwise apprised of the conduct that he was alleged to have undertaken in furtherance of this multi-faceted, if not multiple, conspiracy." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (collecting cases). This remains true even if the government will have to reveal some the cards in its hand: "While a bill of particulars 'is not intended, as such, as a means of learning the government's evidence and theories,' if necessary to give the defendant enough information about the charge

7

to prepare his defense, 'it will be required even if the effect is disclosure of evidence or of theories.'" *Id.* (quoting 1 Charles Alan Wright, Federal Practice and Procedure § 129 (1982)). But even with conspiracies, the court may "deny a bill of particulars 'if the information sought by defendant is provided in the indictment or in some acceptable alternate form.'" *Id.* (quoting *Bortnovsky*, 820 F.2d at 574).

Trial courts in the Second Circuit have formulated a test for determining when to grant a defendant's motion for a bill of particulars. In my view, however, this test cannot displace the reality that a bill of particulars is only necessary where the indictment is "so general that" it fails to "advise the defendant of the specific acts of which he is accused." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (cleaned up). This test is useful, however, because without it "the precedents furnish little help in disposing of requests for bills of particulars in criminal cases." *United States v. Bin Laden*, 92 F. Supp. 2d 225, 334 (S.D.N.Y. 2000) (citations omitted). "[F]actors that have been found relevant to determining whether particulars are necessary include:

**[1]** the clarity of the indictment;

**[2]** the duration and breadth of the alleged conspiracy, i.e., the complexity of the crime charged;

**[3]** whether the government has provided adequate notice of the particulars; and

**[4]** the potential danger to co-conspirators, witnesses, or victims;

8

**[5]** and the nature of the alleged criminal conduct."
*United States v. Tournant*, No. 22-CR-276-LTS, 2023 WL 8649893, at *2 (S.D.N.Y. Dec. 13, 2023) (alterations added and reformatted as a list) (citing *Bin Laden*, 92 F. Supp. 2d at 233–34). Steele cites another factor: "**[6]** the volume of pretrial disclosure[.]" *United States v. Kahale*, 789 F. Supp. 2d 359, 372 (E.D.N.Y. 2009) (alterations added). This additional factor is appropriate for me to consider because Second Circuit courts "have, however, recognized that, in some instances, 'mountains' of discovery without more will not be sufficient to render an indictment constitutionally sound." *Tournant*, 2023 WL 8649893, at *2 (quoting *Bortnovsky*, 820 F.2d at 574–75 (holding that because the government failed to provide "crucial information" that was not remedied by "mountains of documents" the government provided, bill of particulars was warranted)).

### Steele's motion should be granted in part.

Because most of the factors stated in *Kahale* and *Tournant* favor it, Steele should receive the list of co-conspirators he seeks. *First*, as Steele rightly notes, the number of unnamed co-conspirators in this case "is potentially large as there are four indicted defendants and an unknown number of unindicted individuals." *Kahale*, 789 F. Supp. 2d at 372. And like in *Kahale*, "in Count One of the Indictment the defendants are charged with having conspired with 'others' who remain unindicted,

9

unnamed, and potentially unknown." *Id*. The Indictment is therefore unclear on this point.

*Second*, the government has provided what Steele terms "a tremendous volume of electronic documents, such as surveillance videos[,] without any indication of which videos (if any) connect to the government's case." (Reply ¶ 3, ECF No. 194.) The government does not dispute that discovery here is voluminous. Nor does the government dispute the corresponding breadth and length of the alleged Washington conspiracy. Yet Steele has not been able to identify unindicted co-conspirators, which speaks to the adequate notice factor. So, Steele faces the risk that the government will call one or more unindicted co-conspirators as witnesses without Steele having adequate time to prepare a defense should that witness testify. The law of *Kahale*, *Tournant*, and other cases militate against allowing Steele to face surprise at trial.

*Third*, I acknowledge the government's concerns about allowing Steele to know the names of unindicted co-conspirators. So, I order Steele's counsel to keep the list the government produces attorney's eyes only.

I deny Steele's other requests. Steele requests that the government "[s]tate with particularity" what he did to "maintain" certain drug houses. (Omnibus Mot. ¶¶ 8(a) & (b).) He also requests details about acts in furtherance of the conspiracy and those involved. (*Id*. ¶¶ 8(d) (f)–(i).)

10

Anything more than the responses the government has provided to these requests would render this bill of particulars an improper discovery device. *See Nagi*, 254 F. Supp. 3d at 562 ("First, a bill of particulars is not a discovery device, nor is it a way for a defendant to obtain a preview of 'the manner in which [the Government] will attempt to prove the charges, [ ]or the means by which the crimes charged were committed.'" (alterations in original) (quoting *United States v. Fruchter*, 104 F. Supp. 2d 289, 311 (S.D.N.Y. 2000))). What I have directed the government to provide here is only so that Steele does not face surprise at trial.

To the extent that Steele argues that it is unclear what he did to further the Washington conspiracy, I am aware of what the government presented during the detention hearing. While the government proceeded by proffer, the exhibits and evidence the government presented during the detention hearing no doubt reflect the discovery the government provided to Steele. Based on that, I determine that Steele has access to discovery that shows what the government believes he did in furtherance of the Washington drug conspiracy. *See Chen*, 378 F.3d at 163 (2d Cir. 2004) (noting that "a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means" such as discovery); *see also United States v. Mostafa*, 965 F. Supp. 2d 451, 465 (S.D.N.Y. 2013) ("[I]n determining whether to order a bill of particulars, a court must examine the totality

11

of the information available to [the] defendant, both through the indictment and through pre-trial discovery." (citation omitted)).

## CONCLUSION

For the foregoing reasons, I **GRANT IN PART and DENY IN PART** Steele's motion for a bill of particulars. While I issue this decision now, in the interest of economy, I stay the deadline for any objection to this decision and order pursuant to Fed. R. Crim. P. 59(a) until I have issued my report and recommendation regarding Steele's remaining omnibus motions. That way, the District Judge may hear all objections together.

If the parties do not wish to ask the district judge to reconsider this order,[3] I note that the government is only required to produce a list of the names of unindicted co-conspirators to Steele's attorney. I reiterate that Steele must have no access to this list.

**IT IS SO ORDERED.**

Dated:     November 8, 2024
           Rochester, NY          */s/ Mark W. Pedersen*
                                  MARK W. PEDERSEN
                                  United States Magistrate Judge

---

[3] "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A).